IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD J. COBETTO,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-01677 |
| v. | ) | |
| | ) | |
| **WYETH LABS,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court for consideration and disposition are Plaintiff's MOTION TO COMPEL RESPONSES TO DISCOVERY (Document No. 17) and Plaintiff's MOTION TO ENLARGE THE PERIOD IN WHICH TO CONDUCT DISCOVERY (Document No. 22). Defendant has filed a comprehensive response (Document No. 21). In addition, a reply brief (Document No. 26) and a surreply brief (Document No. 28) have been filed. Needless to say, the issues are ripe for resolution. The Motion to Compel will be granted in part and denied in part and the time for discovery will be enlarged.

This is an employment discrimination case. Plaintiff worked as a territory salesman in the Wyeth Vaccine business unit until his termination on January 30, 2004. Cobetto alleges discrimination based on age and gender. Wyeth asserts a legitimate non-discriminatory reason for the termination, namely that Cobetto violated Policy 511, which prohibits the use of non-approved promotional materials. According to Wyeth's discovery responses, the individuals who participated in the decision to terminate Cobetto were John Scott, the district manager, Ken Dennison, the Northeast Region manager, William Campbell, the Vice President of Vaccines Sales, and Wanda Maddrey-Randolph in Human Resources (collectively the "Decision-Makers").

Plaintiff seeks rulings on numerous discovery requests to which Defendants have objected. The Court will attempt to set forth rulings in this Memorandum Order that will not only address the parties' specific disputes, but also provide guidance should additional disputes arise. Federal Rule of Civil Procedure 26(b) contemplates that parties may generally obtain discovery regarding any matter relevant to a claim or defense or which is reasonably calculated to lead to admissible evidence. However, the Court may limit the scope of discovery if it is cumulative, overly burdensome or irrelevant.

Unless otherwise specified, the appropriate geographic scope of Plaintiff's requests should be the Northeast Region. It is undisputed that Ken Dennison, the regional manager, participated in the decision. Although Wyeth claims that Scott was the decision-maker, the Court notes that Wyeth has attached a memorandum dated October 29, 2003 from Scott to Dennison in which Scott "recommends" involuntary dismissal. *See* Exhibit C to Wyeth's Response Brief. Plaintiff can certainly argue that Dennison was the actual decision-maker. Unless otherwise specified, the appropriate time frame should be the four year period from 2001-2004. However, the time frame may be shorter if the relevant decision-makers were not in those roles.

Because this is an individual termination case, information about Wyeth's general hiring, promotion and transfer patterns and practices would not be relevant. Wyeth has cited a non-discriminatory reason for the discharge and Plaintiff must show that Wyeth's stated reason is pretextual. Of course, to make out a prima facie case of discrimination, Cobetto is entitled to discover facts regarding the person Wyeth hired to replace him in his former territory.

Wyeth asserts primarily that Cobetto was terminated for violating Policy 511. Cobetto is entitled to explore whether Wyeth's reason is pretextual. Accordingly, Cobetto shall be entitled to discover information about other employees of Wyeth Vaccine who have been accused of violating Policy 511 and to explore the circumstances of such violations to determine whether he received a disparate punishment. This inquiry would include the prior disciplinary and work histories of the potential comparators. Because the national vaccine sales Vice President participated in the decision to terminate Cobetto, the scope shall encompass vaccine salespersons accused of violating Policy 511 nation-wide. Because Cobetto and the Wyeth decision-makers did not work in the Pharma Division, information about employees in that business unit would be irrelevant.

Cobetto is not entitled to unlimited discovery as to Wyeth's disciplinary practices. The only adverse employment action at issue is Cobetto's termination. Thus, Plaintiff is not entitled to discover the identity of all persons who were put on Performance Improvement Programs or given warning notices. Field files of other sales representatives are generally not discoverable. However, Plaintiff may obtain discovery regarding other employees that engaged in the same conduct that Wyeth cited as a basis for its decision to terminate Cobetto. Such discovery must be narrowly tailored to determine whether there was disparate treatment by the decision-makers involved in Cobetto's termination. In this regard, to the extent that Wyeth claims that the violation of Policy 511 was only a "last straw," Cobetto is entitled to explore the other factors that led to his termination and how the decision-makers reacted to similar conduct by other employees.

The Court notes that subsequent to the filing of the motion to compel, Wyeth has

produced some of the information sought by Plaintiff, although it appears that additional documents must be produced.  In addition, Plaintiff is entitled to take the deposition of a corporate designee pursuant to Rule 30(b)(6) in accordance with the parameters set forth in this Memorandum Order.  Plaintiff shall be permitted to take a second deposition, at his own expense, of the Decision-Makers, narrowly tailored to topics on which Wyeth asserted an objection that has been overruled in this Memorandum Order.

In summary, the Motion to Compel Responses to Discovery (Document No. 17) is hereby **GRANTED IN PART AND DENIED IN PART**.  The parties' discovery disputes fall into two categories: demographic information and disciplinary information.  Generally speaking, region-wide demographic information is discoverable, but only as it relates to hiring and firing decisions.  Disciplinary information is relevant only to the extent that the discipline was imposed by one of the Decision-Makers and the potential comparator engaged in conduct similar to that cited by Wyeth as a basis for Cobetto's termination.  Cobetto may take discovery about violations of Policy 511 in Vaccine Sales nation-wide.  The actions of the decision-makers toward similarly situated employees during roughly the same time period are discoverable by Plaintiff so that he may attempt to demonstrate that Wyeth terminated him due to age or gender discrimination.  The Court expects counsel for both sides to cooperate in the implementation of this Order to conclude discovery in a prompt and efficient manner.  The Motion to Enlarge Time in Which To Conduct Discovery (Document No. 22) is hereby **GRANTED**.  The parties shall complete the discovery contemplated by this Memorandum Order on or before January 31, 2007.

**SO ORDERED** this 29th day of December, 2006.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Edward A. Olds, Esquire
        Email: edolds@earthlink.net

        Martha Hartle Munsch, Esquire
        Email: mmunsch@reedsmith.com