IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD J. COBETTO,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-01677 |
| v. | ) | |
| | ) | |
| **WYETH LABS,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court for consideration and disposition are PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO DISCOVERY (Document No. 30) and PLAINTIFF'S SECOND MOTION TO ENLARGE DISCOVERY (Document No. 32). Defendant has filed a response to the request for extension of time (Document No. 33), but has not responded to the motion to compel. The Motion to Compel will be granted and the time for discovery will be enlarged solely for the purpose of completing depositions.

This is an employment discrimination case. Plaintiff worked as a territory salesman in the Wyeth Vaccine business unit until his termination on January 30, 2004. Cobetto alleges discrimination based on age and gender. Wyeth asserts a legitimate non-discriminatory reason for the termination, namely that Cobetto violated Policy 511, which prohibits the use of non-approved promotional materials. In resolving Plaintiff's first motion to compel, the Court stated that "Plaintiff is entitled to take the deposition of a corporate designee pursuant to Rule 30(b)(6) in accordance with the parameters set forth in this Memorandum Order." The Court also permitted Plaintiff to take second depositions of the Decision-Makers, narrowly tailored to topics on which Wyeth asserted an objection that had been overruled.

1.  Motion to Compel

The instant motion to compel seeks information sought in several document requests: (1) diversity statistics or other reports which were received by Ken Dennison; (2) reports on diversity hiring in the Vaccine Division that were distributed to various managers; and (3) affirmative action reports and training materials cited by Dennison in his deposition. Wyeth asserted boilerplate objections to each, and does not now oppose the motion to compel. The information sought appears to the Court to be discrete and easily obtainable – or, in the alternative, it appears that Wyeth can quickly confirm that Dennison no longer has responsive documents. Wyeth shall not be required to gather reports on diversity hiring in the Vaccine Division that may have been distributed to persons other than Dennison. The Court notes that the standard for discoverability is far more lenient than that required for admissibility at trial. Accordingly, Plaintiff's Second Motion to Compel (Document No. 30) is **GRANTED**.

2.  Motion for Extension of Time

The instant motion for extension of time is largely unrelated to the motion to compel. Plaintiff's counsel requests an additional 28 days to take the depositions authorized by this Court's December 29, 2006 Order. Counsel explains that he did not receive the supplemental responses required by that Order until January 23, 2007. Defendant points out that Plaintiff failed to take any steps to schedule depositions in a timely manner. Defendant further points out that the supplemental depositions will be limited to discrete issues and could be completed within one day. There is some merit in each side's argument. Accordingly, Plaintiff's Second Motion to Enlarge Discovery (Document No. 32) is **GRANTED IN PART AND DENIED IN**

**PART**.  The discovery deadline will be extended until February 15, 2007, for the sole purpose of enabling Plaintiff to take the depositions contemplated by the Court's December 29, 2006 Order. The parties shall cooperate in scheduling such depositions.  In all other respects, the motion for extension of time is denied.

**SO ORDERED** this 30th day of January, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Edward A. Olds, Esquire
        Email: edolds@earthlink.net

        Martha Hartle Munsch, Esquire
        Email: mmunsch@reedsmith.com